# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 99-20057 |
| ) | |
| CHRISTOPHER FREEMAN, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Defendant Christopher Freeman pled guilty in January 2000 of conspiracy to commit mail fraud, aiding and abetting, and tampering with a car odometer.  He was sentenced to 27 months' imprisonment to be followed by three years' supervised release.  Additionally, the court imposed a $300 special assessment, which has been satisfied, and a restitution order of $220,000, representing $4,000 to each of 55 victims, with interest accruing a 5.977% annually.  Mr. Freeman now requests that the court modify that restitution order (doc. 54).  For the reasons discussed below, that request is denied.

Mr. Freeman maintains that he has negotiated settlements with 17 of the 55 victims for full satisfaction of the restitution amount.  In support, he attached 17 notarized forms, signed by the victims, entitled "Acknowledgement [sic] of Settlement and Full Accord and Satisfaction of Restitution and Release," and

indicating full release of the restitution amount in exchange for a nominal sum (zero dollars in one case, $1 or $5 in the others). He asks this court to modify his restitution order to reduce the amount he owes accordingly.

Additionally, Mr. Freeman asks the court to require the Government to release the names and last known addresses of the remaining victims so he can contact them about a possible settlement. Mr. Freeman contends that the Assistant United States Attorney has repeatedly refused this request.

Having reviewed the statutory provisions concerning restitution orders, this court concludes that it lacks authority to grant the relief Mr. Freeman is seeking. The Mandatory Victim's Restitution Act provides for mandatory restitution and covers "any offense committed by fraud or deceit . . . in which an identifiable victim or victims has suffered a physical injury or pecuniary loss." 18 U.S.C. § 3663A(c)(1); *United States v. Speakman*, 594 F.3d 1165, 1169 (10th Cir. 2010). The MVRA allows modification of restitution orders in a few situations, none of which apply here. For example, § 3664(k) allows a court to modify a restitution order to "adjust the payment schedule" or "require immediate payment in full, as the interests of justice require." § 3664(k). But that provision only gives the court authority to modify the payment schedule, not to adjust the total amount due. *United States v. Mandel*, 179 Fed. App'x 965, 966-67 (7th Cir. May 8, 2006)*; United States v. Baird*, No. 3:03-CR-91, 2009 WL 5170198, at *3 (E.D. Tenn. Dec. 17, 2009). Additionally, § 3664(o) references several limited circumstances in which orders of restitution may

2

be changed, including those set out in Rule 35 of the Federal Rules of Criminal Procedure. § 3664(o); *United States v. Duck*, No. 97-20040, 1999 WL 319077, at *1 (D. Kan. Apr. 28, 1999). But the time for seeking Rule 35 relief has passed. Fed. R. Crim. P. 35 (a), (b)(1); *Mandel*, 179 Fed. App'x at 967. The other provisions cited in § 3664(o) as authority for modifying a restitution award are not applicable to this situation. *See* §§ 3742, 3664(d)(3), 3572, 3613A, 3565, 3614.

In support of his request that the court reduce his restitution, Mr. Freeman references principles of accord and satisfaction. He cites two Tenth Circuit cases discussing accord and satisfaction as a reason to modify a legal debt obligation. *United States v. McCall*, 235 F.3d 1211 (10th Cir. 2000); *Richardson v. Mo. Pac. R.R. Co.*, 186 F3.d 1273 (10th Cir. 1999). Those cases, however, both involve civil liabilities. The court can find no authority for applying the doctrine of accord and satisfaction to restitution orders imposed under the MVRA.

In fact, many courts have expressly concluded that courts lack authority to modify MVRA restitution awards. *See, e.g.*, *United States v. Roper*, 462 F.3d 336, 340 (4th Cir. 2006); *Baird*, 2009 WL 5170198, at *3; *United States v. Barskie*, No. 02-CR-975, 2007 WL 1756133, at *5 (E.D.N.Y. June 18, 2007); *United States v. Farris*, No. 1:02-CR-173-02, 2006 WL 2022526, at *1 (W.D. Mich. July 17, 2006); *Duck*, 1999 WL 319077, at *1. Although the Tenth Circuit has apparently not addressed this issue, this court believes it would reach the same conclusion.

Because the court lacks authority to modify restitution awards for settlements

reached with the victims, Mr. Freeman's request to do so is denied. He request for names and addresses of other victims is also denied; even if he were to contact them and reach a settlement, it would have no legal effect on the restitution imposed by the court.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion to modify the court's restitution order (doc. 54) is denied.

**IT IS SO ORDERED** this 4th day of May, 2010.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
